FILED
2012 MAY 8 P 12:08
CLERK
U.S. BANKRUPTCY
COURT - PGH

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | | |
| GENERAL PURPOSE STEEL, INC., | : | Case No. 11-21907-TPA |
| *Debtor* | : | Chapter 11 |
| GENERAL PURPOSE STEEL, INC. | : | |
| *Plaintiff* | : | Adv. No. 11-2381-TPA |
| | : | |
| v. | : | Related to Doc. No. 16 |
| | : | |
| CRAWFORD METAL CORPORATION | : | |
| a/k/a ALLIED CRAWFORD STEEL, | : | |
| *Defendant* | : | |

Appearances:   David Fuchs, Esq., for the Debtor
            James S. Ehrman, Esq., for the Defendant, Crawford Metal Corporation

## MEMORANDUM OPINION

Presently before the Court is a ***Motion to Dismiss*** ("*Motion*") filed by the Defendant pursuant to *Fed.R.Bankr.P. 7012*, incorporating *Fed.R.Civ.P. 12.*[1]  Although the *Motion* was filed near the outset of the case, the Court elected to postpone disposition of the *Motion* at that time and allow the parties to engage in discovery.  The time for discovery is now completed and the *Motion* is ripe for decision.  For the reasons which follow, the *Motion* will be denied.

### *BACKGROUND*

The Debtor, General Purpose Steel, Inc., filed its *Complaint for Turnover of Property to the Estate Pursuant to 11 U.S.C. Section 542* ("Complaint") against Crawford Metal Corporation

---

[1] This Court has jurisdiction to decide the *Motion* pursuant to *28 U.S.C. §§157(a)* and *1334*.

1

("Crawford") on July 26, 2011. The *Complaint* alleges that the Debtor delivered 526,341 pounds of steel to Crawford during the period from September 17, 2010 to December 15, 2010,[2] in exchange for Crawford's payment for such steel. The *Complaint* further alleges that the Debtor has sent invoices and statements for the amount due, and has demanded payment, but that Crawford has failed and refused to make payment. Attached to the *Complaint* as Exhibit A are a number of statements and invoices which appear to be from the Debtor to Crawford. There are 6 statements in the Exhibit, all dated March 14, 2011, and all showing a "60-90" or "90+" balance due based on one or more invoices. There are a total of 25 invoices referenced in these statements, and with one exception all of the invoices also appear in the Exhibit[3]. The total amount claimed to be due is $169,761.34, and Debtor is also seeking costs and attorney fees.

On September 15, 2011, Crawford filed an *Answer*, Doc. No. 11, admitting or denying the various allegations in the *Complaint* and raising a number of affirmative defenses. Subsequently on that same date, Crawford filed the *Motion* presently at issue, initially filed at Doc. No. 12 and then withdrawn and refiled at Doc. No. 16. The *Motion* argues that the *Complaint* should be dismissed pursuant to *Fed.R.Civ.P. 12(b)(6)* because it fails to allege the "elements necessary for recovery pursuant to *11 U.S.C. §542* with specificity as required by law." *Motion* at ¶14. More particularly, Crawford argues that the *Complaint* fails to allege that what it seeks is property of the estate, fails to allege that the property is an undisputed debt owed to the Debtor

---

[2] Debtor's bankruptcy case was filed on March 30, 2011, so the deliveries took place in the prepetition period.

[3] A reference to Invoice R727791 appears on one of the statements, but no such invoice appears in the Exhibit. However, the statement indicates a balance of only $.01 on this invoice, so it is unclear whether this represents a "real" invoice or some kind of accounting reconciliation.

which is matured, payable on demand, or payable on order, and fails to describe a prior order or stipulation from Crawford acknowledging the debt is owed. Along with the *Motion*, Crawford also filed a supporting brief. That brief cites a number of cases to the effect that *Section 542* may not be used as a vehicle to make a recovery where a debt is in dispute. Crawford says that it disputes any debt to Debtor because of the quality of the steel which Debtor provided, and in fact contends that the Debtor owes it money. Crawford argues that the Debtor has "gussied up" a simple, non-core contract claim into an alleged core proceeding, and states that it does not consent to the entry of a final order by the Court.[4]

The Debtor filed its *Response* to the *Motion* on September 30, 2011, taking the position that the *Complaint* represents an accounts receivable claim, which it argues is a proper subject for a turnover action under *11 U.S.C. § 542.* As indicated above, after an initial hearing on the *Motion* the Court elected to defer making a decision at that time and instead issued a discovery order. Most recently, following a status conference at which both Parties were permitted to provide further argument on the *Motion*, at the direction of the Court the Debtor filed a brief more fully setting forth its position in opposition to the *Motion*. The Court indicated that after it reviewed the Debtor's brief it would determine whether any further argument was needed. Having now done so, and having had the benefit of two prior arguments on the *Motion*, the Court finds that the *Motion* can be decided without any further argument.

---

[4] The Court makes no determination at this time whether the Complaint represents a core matter. Even if it is subsequently determined that the matter is non-core, the Court would continue to have the ability to make proposed findings of fact and conclusions of law under its related to jurisdiction. *See, e.g., In re Arbogast*, 466 B.R. 287, 326-27 (Bankr. W.D. Pa. 2012); *In re U.S. Mortgage Corp.*, 2012 WL 1372284*1 (D. N.J. 2012).

## *DISCUSSION*

Before the merits of the *Motion* can even be considered, there is a preliminary point that must be addressed. As indicated above, Crawford filed an Answer prior to filing the *Motion*, albeit only by a few minutes. This is significant because *Fed.R.Civ.P. 12(b)*, after listing the various grounds for defense that may optionally be brought by motion (including failure to state a claim pursuant to *Rule 12(b)(6)*), provides that: "A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." In *Stevens v. Showalter*, 458 B.R. 852 (D. Md. 2011) the court noted that under the "plain language" of *Rule 12(b)* a motion to dismiss pursuant to *Rule 12(b)(6)* is untimely when presented after the filing of an answer. A court faced with such an untimely motion can deny it for that reason. Alternatively, a court may at its option elect to construe an untimely *Rule 12(b)(6)* motion as one for judgment on the pleadings under *Rule 12(c)*. 458 B.R. at 856.

In the present case, the Court is inclined to simply deny the *Motion* because it appears that Crawford's untimely filing of the *Motion* was not just inadvertent, but rather a calculated decision. As should be apparent from the background given above, the essence of Crawford's argument is that the claim for payment being made by the Debtor is "disputed", and therefore not amenable for treatment under *Section 542*. However, there is nothing in the *Complaint* to indicate the existence of a dispute, and of course a motion under *Rule 12(b)(6)* cannot itself introduce any new factual allegations for consideration. *See, e.g., Comm. of Pa. ex. rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988). Thus, it appears to the Court as if Crawford deliberately filed its Answer immediately prior to the *Motion* in the hope that it could then use the existence and

contents of the Answer to show there is a "dispute" and thereby support the *Motion*. *See, e.g.*, Crawford's brief in support of the *Motion*, Doc. No. 17, at 6 ("Defendant denies that it owes Plaintiff the amount stated in the Complaint. Defendant has filed an Answer denying the allegations in the Complaint."). Since this could be construed as an effort to "game" the *Rules,* under the circumstances the Court will simply deny the *Motion*.

However, even if the Court were to overlook the timing issue by construing the *Motion* as one for judgment on the pleadings pursuant to *Rule 12(c)*, the *Motion* must still be denied. A motion under *Rule 12(c)* is evaluated by essentially the same standard as a motion to dismiss pursuant to *Rule 12(b)(6)*, the only notable difference being that in a motion for judgment on the pleadings the Court reviews not only the complaint, but the answer as well. *Phillips v. Transunion, L.L.C.*, 2012 WL 1439088 (E.D. Pa. April 25, 2012). Under this standard the Court must accept as true all allegations in the *Complaint* and all inferences that can be drawn therefrom, and view them in the light most favorable to the Debtor, as the non-moving party. *Id.* at *4 (quoting *DeBenedictis v. Merrill Lynch & Co.*, 492 F.3d 209 (3d Cir. 2007)). To survive a motion for judgment on the pleadings, the pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. Id. (citing *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187 (3d Cir. 2009)). Such plausibility exists when the complaint contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Were the Court to apply that standard here, it would first need to determine what law to apply in deciding whether the *Complaint* states a facially plausible turnover action pursuant to *11 U.S.C. §542*. This is complicated by the fact there is no binding authority, and "[d]ivergent

5

conclusions have been reached on whether proceedings for the collection of accounts receivable are turnover proceedings which are core in nature." 2 *Bankruptcy Desk Guide* §14.82 (2012). Crawford touts the view of some courts that a debtor's claim for collection of accounts receivable cannot be maintained as a turnover proceeding under *Section 542* if the debt is disputed, or unless it has been reduced to a judgment or stipulation. The Debtor, however, counters by pointing to cases holding that a claim for an overdue account receivable specific in its terms as to amount due and date payable can be brought as a turnover action even if the defendant has valid defenses that can be asserted as setoffs to the claim.[5]

       The Court is not prepared at this time to make a decision adopting the view advanced by either of the Parties as to the proper scope of a turnover action, preferring instead to first consider the facts of the case as presented at trial. Regardless of which view is ultimately chosen as the correct one, however, judgment on the pleadings is not appropriate. If the Court ultimately agrees with the Debtor, it would of course be manifestly evident that the *Complaint* adequately states a claim for turnover under *Section 542*, and Crawford can pursue its defenses thereto. But even if the Court ultimately were to agree with Crawford's view, or something similar, judgment may not be granted now because it is not apparent to the Court based solely on a review of the pleadings in a light most favorable to the Debtor that the alleged debt can be characterized as "disputed."

---

[5] Somewhat confusingly, the principle case relied upon by each of the Parties can be referred to in shorthand as the "Allegheny" decision. *Compare, In re Allegheny, Inc.*, 68 B.R. 183 (Bankr. W.D. Pa. 1986) (cited by the Debtor), and *In re Allegheny Health, Educ. & Research Found,*, 233 B.R. 671 (Bankr. W.D. Pa. 1999) (cited by Crawford).

Based on the pleadings, including the statements and invoices attached to the *Complaint* as Exhibit A, the Court has little difficulty viewing the claim as one on an account receivable, *i.e.*, "an account reflecting a balance owed." *See, Pennsummit Tubular, L.L.C., v. Schwab,* 2006 WL 2038613 (M.D. Pa. 2006) (quoting *Black's Law Dictionary* (8th ed. 2004)). Accounts receivable are potentially subject to the common law doctrine of "account stated", which can raise a presumption that the amount claimed is in fact owed. For instance, in *In re Cavalier Indus. Inc.*, 2001 WL 423028 (Bankr. E. D. Pa. 2001) the court explained:

> The essence of a common law action for an account stated is an agreement, either express or implied, based upon prior transactions, between two parties as to the correctness of an amount due. *Connolly Epstein Chicco Foxman Engelmyer & Ewing v. Fanslow,* 1995 WL 686045 at *5 (E.D.Pa.1995) (applying Pennsylvania law); *In re Ralph Lauren Womenswear, Inc.*, 204 B.R. 363, 375 (Bankr.S.D.N.Y.1997) (applying New York law). Thus, to make out a prima facie case, the Trustee must show that Crystal Art acquiesced, either expressly or by its action or inaction, as to the amounts due under the Disputed Invoices. *Connolly,* 1995 WL at * 5 (acquiescence may be shown by retention of the statement of account without objection or by partial payment); *Ralph Lauren*, 204 B.R. at 375 (failure to object raises the presumption of agreement to correctness of account).

*Id.* at *5. In Paragraph 5 of the *Complaint* the Debtor alleges that it sent invoices and statements to Crawford concerning the steel shipments, and in Paragraph 5 of the Answer Crawford admits this allegation. Nowhere in the Answer does Crawford allege that it ever objected to the invoices or statements. Thus, viewing the pleadings in the light most favorable to the Debtor, it is possible that the account stated doctrine applies, and the Court cannot therefore conclude for purposes of a motion for judgment on the pleadings that the case represents a disputed claim. *See, e.g., In re Troutman Inv. Co.*, 2008 WL 686252 (D. Ore. 2008) (bankruptcy court did not err in finding an account stated

where complaint titled requested relief as for turnover, but had sufficient allegations to establish account stated).

For the reasons stated above, the *Motion* will be denied. An appropriate order follows.

Dated: May 8, 2012

Thomas P. Agresti, Chief Judge
United States Bankruptcy Court

Case administrator to serve:
David Fuchs, Esq., 960 Penn Avenue, Ste. 1200, Pittsburgh, PA 15222
James Ehrman, Esq.
James E. Huggett, Esq.
Debtor